IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **LARRY JAMES TREAKLE,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:05-CV-0380-A |
| | § | |
| **DOUGLAS DRETKE, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. §636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

### I.  FINDINGS AND CONCLUSIONS

**A.   NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

**B.   PARTIES**

Petitioner Larry James Treakle, TDCJ #00840738, was a state prisoner in custody of the Texas Department of Criminal Justice, but housed at the Tarrant County jail, at the time of the filing of this petition.

The Respondent is Douglas Dretke, Director of the Texas Department of Criminal Justice (TDCJ).

## C. PROCEDURAL HISTORY

In 1995, Treakle was charged with indecency with a child in the 297th District Court of Tarrant County, Texas. (Clerk's R. at 3.) On November 15, 1995, pursuant to a plea agreement, Treakle pled guilty to the offense, and the trial court placed him on deferred adjudication community supervision for ten years. (*Id*. at 89-98.) Treakle did not appeal from the trial court's November 15, 1995 deferred adjudication judgment. On April 6, 1998, the state filed a petition to proceed to adjudication, alleging various violations of Treakle's conditions of community supervision. (*Id*. at 118-21.) On August 20, 1998, after a hearing, the trial court adjudicated Treakle's guilt and sentenced him to twenty years' confinement. (*Id.* at 125.) Treakle twice appealed the trial court's judgment revoking his deferred adjudication community supervision, but the appeals were dismissed for want of jurisdiction. *See Treakle v. Texas*, No. 2-98-397-CR, slip op. (Tex. App.–Fort Worth Apr. 15, 1999, no pet.) (not designated for publication); *Treakle v. Texas*, No. 2-02-045-CR, slip op. (Tex. App.–Fort Worth May 16, 2002, no pet.) (not designated for publication).[1] Treakle also twice sought state postconviction habeas relief relevant to the original plea and/or adjudication proceedings to no avail. *See Ex parte Treakle*, Nos. 56,668-01 & 56,668-02.

On or about April 22, 2005, TDCJ released Treakle on mandatory supervision to a "Super Intensive Supervision Program" (SISP). (Mandatory Supervision R. at 16-17.) TDCJ issued a parole warrant on June 2, 2005, alleging Treakle had violated the terms of his release, and the next day Treakle was arrested by the Tarrant County Sheriff and taken to the Tarrant County jail. (*Id.* at 14-15.) A revocation hearing was conducted on June 20, 2005, and the hearing officer, relying

---

[1]Treakle also filed an appeal challenging the denial of his motion for DNA testing in the state appellate court. *See Treakle v. Texas*, No. 2-04-392-CR, slip op. (Tex. App.–Fort Worth Mar. 3, 2005, pet. ref'd) (not designated for publication).

on testimony and other evidence presented at the hearing, found that Treakle had violated the terms of his release and recommended that his mandatory supervision release be revoked. (*Id.* at 4-8.) On June 22, 2005, Treakle filed the instant federal petition.[2] Although the grounds raised in Treakle's petition are vague and incoherent, he appears to raise issues relevant to the 1995 and 1996 trial court proceedings, the Tarrant County jail's authority to hold him, and his release to mandatory supervision in April 2005, and the issues are so construed below. (Petition at 7-8; Pet'r First Amendment to Petition at 2-3 .) On June 23, 2005, the Board of Pardons and Paroles (Board) decided to continue Treakle's mandatory supervision release in the SISP, and Treakle was released from Tarrant County jail to a halfway house in Fort Worth, Texas, where he continues to reside at this time. (*Id.* at 2) *See* CM/ECF, Civil Docket for Case # 4:05-CV-0380, docket entry for Sep. 19, 2005.

**D. DISCUSSION**

*1. Statute of Limitations*

Treakle claims that he was denied his right to appeal the 1995 deferred adjudication judgment because there was no final judgment and that he was denied meaningful assistance of counsel in 1996.[3] (Petition at 7.) The record reflects that during 1996, Treakle's conditions of community supervision were amended or supplemented on May 24, 1996, and that the trial court twice denied his request to modify his conditions to transfer him from "ELM" to a "regular sex

---

[2]Treakle has filed at least three other § 2254 petitions for federal habeas relief. *See Treakle v. Doughty*, Civil Action No. 1:02-CV-239-TH-WCR (attacking prison disciplinary proceeding); *Treakle v. Dretke*, Civil Action No. 4:03-CV-739-Y (same); *Treakle v. Dretke*, Civil Action No. 4:04-CV-503-A (attacking conviction and/or sentence).

[3]Treakle refers to the denial of his right to appeal the state court's sentence on November 30, 1996, and his transfer to TDCJ on November 30, 1996. The record does not indicate, however, that any relevant facts or events occurred in this case on that date.

**Findings, Conclusions and Recommendations
of the United States Magistrate Judge—Page 3 of 8**

offender caseload." (Clerk's R. at 111-14.) Apparently, Treakle was not represented by counsel during these proceedings. Because Treakle does not otherwise specify, the undersigned assumes his latter claim refers to the 1996 trial court proceedings involving those amendments, supplements, and/or modifications.

The Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), effective April 24, 1996, imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Treakle's assertion that he could not appeal the 1995 judgment because there was no final judgment appears to be an incorrect statement of Texas law. *See Manuel v. Texas*, 994 S.W.2d 658,

**Findings, Conclusions and Recommendations**
**of the United States Magistrate Judge—Page 4 of 8**

661-62 (Tex. Crim. App. 1999) (holding defendant placed on deferred adjudication may raise issues relating to original plea proceeding only in appeal taken when deferred adjudication is first imposed). Nevertheless, the federal statute of limitations commences regarding claims arising before or related to the original plea or the plea proceedings in the deferred adjudication context when a state court's deferred adjudication judgment or order becomes final by the conclusion of direct review or the expiration of the time for seeking such review, notwithstanding the fact that there has been no determination of guilt. *See Caldwell v. Dretke*, ___ F.3d ___, 2005 WL 2766688, at *6 (5th Cir. Oct. 26, 2005); *Jimenez v. Cockrell*, 2003 WL 21321256, at *3-4 (N.D. Tex. May 19, 2003) (not designated for publication). The trial court's November 15, 1995 deferred adjudication judgment became final on December 16, 1995. *See Manuel*, 994 S.W.2d at 661-62; TEX. R. APP. P. 26.2(a)(1) (formerly TEX. R. APP. P. 41(b)(1)) (allowing thirty days from the date sentence is imposed or suspended in open court to file notice of appeal in the absence of timely filed motion for new trial)). Petitioners attacking judgments which became final before the effective date of the AEDPA have one year from the effective date of the Act to file a federal habeas corpus action. *Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998); *United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998). Thus, to the extent Treakle's claims involve alleged facts or events occurring before, or related to, the original plea or the original plea proceedings, the one-year limitations period expired on April 24, 1997, absent any applicable tolling.

To the extent Treakle's claims pertain to the 1996 proceedings regarding the conditions of his conditions of community supervision, the claims are also time-barred. The factual predicate of the claims was discoverable on the date of those particular proceedings in 1996, the latest of which occurred on December 4 of that year. 28 U.S.C. § 2244(d)(1)(D). Thus, a petition raising the claims was due at the latest on or before December 4, 1997, absent any applicable tolling.

In each instance, Treakle's state habeas applications filed after limitations had expired did not operate to toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has Treakle asserted a valid reason to justify his failure to bring his claims in a timely manner, and the record reveals none. Therefore, this is not a case where the petitioner should benefit from equitable tolling, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Accordingly, Treakle's petition, filed on June 22, 2005, is untimely as to any claims relevant to the original plea and/or the 1996 trial court proceedings.

2. *Mootness*

Treakle claims that following his arrest on the parole warrant the Tarrant County jail had no lawful authority to hold him pending resolution of the revocation proceedings. Treakle has been released from the Tarrant County jail, and there is nothing for the court to remedy. Thus, this claim is moot. *See Lane v. Williams*, 455 U.S. 624, 632 (1982).

3. *Release to SISP*

Treakle claims that TDCJ's placing him on mandatory supervision on April 22, 2005 was unconstitutional on its face. He does not, however, explain how his release was unconstitutional or cite the court to any statutory or case law that would suggest a reason that his release was unconstitutional. As such, it is impossible for the court to make a determination on this issue.

of the United States Magistrate Judge—Page 6 of 8**

## II.  RECOMMENDATION

Based on the foregoing discussion, it is recommended that this petition for writ of habeas corpus be dismissed, in part, and denied, in part.

### III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation within ten (10) days after the party has been served with a copy of this document. The court is hereby extending the deadline within which to file, not merely place in the mail, specific written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation until October 22, 2002.  Pursuant to *Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir.1996)(en banc), failure to file specific written objections within the specified time shall bar a *de novo* determination by the district court of any finding of fact or conclusion of law and shall bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any unobjected-to proposed factual findings and legal conclusions accepted by the district court.

### III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions,

and recommendation until November 18, 2005. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until November 18, 2005, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED October 31, 2005.

    /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE