

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LARRY JAMES TREAKLE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 4:05-CV-380-A |
| | § | |
| DOUGLAS DRETKE, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, CORRECTIONAL | § | |
| INSTITUTIONS DIVISION, | § | |
| | § | |
| Respondent. | § | |

O R D E R

Came on for consideration the above-captioned action wherein Larry James Treakle is petitioner and Douglas Dretke, Director, Texas Department of Criminal Justice, Correctional Institutions Division is respondent. This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On October 31, 2005, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation, and ordered that the parties file objections, if any, thereto by November 18, 2005, and the court, sua sponte, issued an order extending that deadline until November 28, 2005. On November 30, 2005, petitioner filed his written objections. Respondent has not made any further response.

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a <u>de novo</u> determination of those portions of the proposed findings or recommendations to which specific objection is made. <u>United States v. Raddatz</u>, 447 U.S. 667 (1980). The court is not

addressing any nonspecific objections or any frivolous or conclusory objections. <u>Battle v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).

The court has reviewed the incoherent two sentence written objection filed by petitioner and concluded that it makes no objection specific to the magistrate judge's findings, conclusions and recommendation. The magistrate judge construed Treakle's petition raises four grounds for relief: (1) that he was denied his right to appeal his 1995 deferred adjudication conviction, (2) he was denied meaningful assistance of counsel during a 1996 amendment to the conditions of his supervised release, (3) his placement on mandatory supervision by the Texas Department of Criminal Justice in April 2005 was unconstitutional, and (4) the Tarrant County Sheriff had no authority to incarcerate him following his arrest on a parole warrant in June 2005. The magistrate judge has recommended that the numbers one and two of the above-mentioned grounds be dismissed as time-barred pursuant to section 2244(d); and that grounds three and four be denied. Accordingly,

For the reasons stated therein, the court accepts the findings, conclusions and recommendation of the magistrate judge and ORDERS that the petition in this action be, and is hereby, dismissed, in part and denied, in part.

SIGNED December 8, 2005.

JOHN McBRYDE
United States District Judge

2